1
2
3
4                          UNITED STATES DISTRICT COURT

5                                 DISTRICT OF NEVADA

6                                        * * *

7   ARA V. MARUTYAN; ARTHUR              Case No. 2:16-cv-01089-MMD-GWF
    MARUTYAN; and DIANA MARUTYAN,
8   individuals,
                                         ORDER
9                        Plaintiffs,
                                         (Def.'s Motion to Dismiss – ECF No. 6)
10          v.

11  LAS VEGAS METROPOLITAN POLICE
    DEPARTMENT, DOES 1 through 10; and
12  ROE ENTITIES 1 through 10,

13                       Defendants.

14  I.   **SUMMARY**

15          Plaintiffs, proceeding pro se, filed this suit against the Las Vegas Metropolitan

16  Police Department ("LVMPD") and unnamed defendants, alleging a number of

17  constitutional violations. LVMPD filed a Motion to Dismiss ("Motion"). (ECF No. 6.)

18  Plaintiffs responded to the Motion (ECF No. 11) and LVMPD replied (ECF No. 14.) For

19  the reasons discussed below, the Motion is granted in part and denied in part.

20  II.  **BACKGROUND**

21          The following facts are taken from the Complaint. (ECF No. 1.) Ara, Arthur, and

22  Diana Marutyan (collectively "Plaintiffs") allege that LVMPD violated their constitutional

23  due process rights, and a number of other rights, when police officers seized personal

24  property during searches of their home and Diana Marutyan's dorm room.

25          Plaintiffs allege that LVMPD officers executed search warrants at their home on

26  several occasions starting on February 13, 2014, and ending on March 27, 2014. (*Id.* at

27  2). During these searches, the officers seized more than 100 items including firearms,

28  cell phones, computers, passports, social security cards, birth certifications, and other

1   documents.[1] (*Id.*) Later, on April 3, 2014, LVMPD executed a search warrant on the

2   dorm room of Diana Marutyan and seized a cell phone. (*Id.* at 2-3.)

3       Plaintiffs allege that they were never charged with a crime, and LVMPD never

4   commenced any civil forfeiture proceedings for the seized property. (*Id.* at 3-4.) Plaintiffs

5   further allege that they have contacted LVMPD over 100 times in an attempt to recover

6   their property, but have been unsuccessful. (*Id.* at 3.)

7       On April 15, 2015, Plaintiffs filed a lawsuit in Clark County District Court ("State

8   Suit").[2] (*Id.* at 5.) The State Suit seeks return of the property, compensatory damages,

9   and attorney fees. (ECF No. 6-1 at 5.) An intervener, represented by counsel, entered

10   the State Suit and moved for return of the items based on NRS § 179.085, a state law

11   which allows a party to recover items seized by police if "[r]etention of the property by

12   law enforcement is not reasonable under the totality of circumstances." (ECF No. 6-2 at

13   19 (citing NRS 179.085(1)(e)).) The Court takes judicial notice that a notice of appeal

14   was filed in the state court case on March 6, 2017. *Marutyan v. Las Vegas Metropolitan*

15   *Police Department*, Case. No. A-15-716800-C (Clark Co. Dist. Ct., Mar. 6, 2017).

16       More than a year after filing the State Suit, Plaintiffs initiated this action, alleging

17   LVMPD's behavior violated the Second, Fourth, Fifth and Fourteenth Amendments to the

18   U.S. Constitution. (ECF No. 1.) LVMPD moves to dismiss Plaintiffs' Complaint for failure

19   to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 6.)

20   **III.   LEGAL STANDARD**

21       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

22   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

23   "a short and plain statement of the claim showing that the pleader is entitled to relief."

24   Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

25   Rule 8 does not require detailed factual allegations, it demands more than "labels and

26   ───────────────
         [1]The Complaint notes that Plaintiffs' passports and social security cards were
27   returned after seven months. (ECF No. 1 at 4.)

         [2]Plaintiffs reference the State Suit in their Complaint, and Defendants have
28   attached a copy of Plaintiffs' complaint in the State Suit to their Motion. (ECF No. 6-1.)

conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir.2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). Though pro se pleadings are to be liberally construed,

1   a plaintiff must still present factual allegations sufficient to state a plausible claim for

2   relief. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010).

3   **IV.   DISCUSSION**

4           42 U.S.C. § 1983 provides a mechanism for the private enforcement of

5   substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*,

6   490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,'

7   but merely provides 'a method for vindicating federal rights elsewhere conferred.'"

8   *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137,

9   144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a

10  right secured by the Constitution and the laws of the United States, and must show that

11  the alleged deprivation was committed by a person acting under color of law." *West v.*

12  *Atkins*, 487 U.S. 42, 48-49 (1988).

13          Plaintiffs have alleged a number of possible constitutional violations to serve as

14  the bases of their § 1983 claims. Defendants do not dispute that they were acting under

15  color of law, but do dispute the sufficiency of the underlying alleged violations.

16          **A.     Procedural Due Process[3]**

17          In order to state a prima facie § 1983 claim based on procedural due process

18  violations plaintiffs must allege that they were deprived of property without sufficient

19  procedural safeguards to ensure the deprivation was justified. *See Buckingham v. Sec'y*

20  *of U.S. Dep't of Agr.*, 603 F.3d 1073, 1081 (9th Cir. 2010). "Therefore, to determine

21  whether a constitutional violation has occurred, it is necessary to ask what process the

22  State provided, and whether it was constitutionally adequate," which in turn means

23  looking at "the procedural safeguards built into the statutory or administrative procedure

24  of effecting the deprivation, and any remedies for erroneous deprivations provided by

25  statute or tort law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Adequate process

26  ///

---

27          [3]Plaintiffs cite both the Fifth and Fourteenth Amendments, but because their claim
28  is based on the conduct of state, rather than federal, actors, their procedural due
    process claim falls under the purview of the Fourteenth Amendment.

1   "does not require that the notice and opportunity to be heard occur before the

2   deprivation. It can take place through a combination of pre- and post-deprivation

3   procedures, or be satisfied with post-deprivation process alone." *Buckingham* 603 F.3d

4   at 1082 (internal citations and quotations omitted).

5          Seizing property for criminal investigatory purposes pursuant to a warrant satisfies

6   pre-deprivation procedural due process requirements. *Sanders v. City of San Diego*, 93

7   F.3d 1423, 1429 (9th Cir. 1996). However, the seizure of property pursuant to a valid

8   search warrant may still support a procedural due process claim if post-deprivation

9   procedures are inadequate. *See Lathon v. City of St. Louis*, 242 F.3d 841, 843 (8th Cir.

10  2001) (fact that ammunition and weapons were seized pursuant to valid search warrant

11  did not preclude claim that refusal to return them constituted deprivation of property

12  without due process); s*ee also Richer v. Parmelee*, 189 F. Supp. 3d 334, 342 (D.R.I.

13  2016) (requiring a party to go to court to return seized firearms was not a constitutionally

14  adequate post-deprivation procedure).

15         Plaintiffs have alleged their personal property was seized pursuant to search

16  warrants. Plaintiffs have further alleged that even though LVMPD has neither filed any

17  charges against them, nor commenced civil forfeiture proceedings, they have been

18  unable to recover their property despite having to contact LVMPD "over 100" times.

19  (ECF No. 1 at 3.) Essentially, Plaintiffs are alleging that the only post-deprivation process

20  provided by statutory and administrative procedures require Plaintiffs to file suit in state

21  court, and this process is inadequate.

22         The Court finds that under the permissive pleadings standards applicable to pro

23  se litigants, Plaintiffs have adequately stated a § 1983 claim for a violation of the Due

24  Process Clause of the Fourteenth Amendment. Though the Complaint alleges the

25  property was seized pursuant to a search warrant (which is, as a matter of law, sufficient

26  pre-deprivation process), it also alleges that LVMPD continues to hold the property, and

27  ///

28  ///

1  that the only means Plaintiffs have to recover their property is through litigation. This is

2  sufficient to state a prima facie claim.[4]

3      Defendants' Motion is denied with respect to Plaintiffs' procedural due process

4  claim.

5      **B.    Second Amendment**

6      Plaintiffs have not alleged that LVMPD is preventing them from acquiring or using

7  any firearms. Rather, they allege that LVMPD seized certain firearms pursuant to a

8  search warrant, and has refused to return them. Since the Supreme Court's decision

9  recognizing an individual right to bear arms in *District of Columbia v. Heller*, 554 U.S.

10  570 (2008), lower courts have attempted to define the precise contours of that right. The

11  few courts that have considered whether confiscation of specific weapons, rather than a

12  broader proscription, implicates the Second Amendment have concluded that it does

13  not. *See Walters v. Wolf*, 660 F.3d 307, 318 (8th Cir. 2011) (unlawful seizure of a firearm

14  implicated the Due Process Clause of the Fourteenth Amendment but not the Second

15  Amendment); *Meeks v. Larsen*, 999 F. Supp. 2d 968, 981 (E.D. Mich. 2014), aff'd, 611

16  F. App'x 277 (6th Cir. 2015) (same); *Richer*, 189 F. Supp. 3d at 343 (D.R.I. 2016). This

17  Court agrees.

18      Plaintiffs have failed to state a cognizable Second Amendment claim. Defendants'

19  Motion is granted, and Plaintiffs' Second Amendment claim is dismissed with prejudice.

20      **C.    Substantive Due Process**

21      Plaintiffs allege that the confiscation of their property — specifically passports and

22  other official documents — has caused them problems accessing healthcare and

23  education, and has hindered their ability to travel.

24  ///

25  ///

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   [4]Defendants also argue that Plaintiffs have not alleged a policy or custom
27  sufficient to establish *Monell* liability. However, Plaintiffs have alleged that they
   repeatedly contacted LVMPD and been unable to recover their property. Again, under
28  the relaxed pro se pleading standards, the Court understands these allegations to refer
   to a policy (or in this case the lack of a policy) for purposes of *Monell*.

1   In various contexts, the Supreme Court has recognized liberty interests in travel,

2   education, and access to healthcare. However, like Plaintiffs' Second Amendment claim,

3   the impediments they allege are incidental to their procedural due process claim, rather

4   than claims in themselves. Furthermore, the right to travel internationally, unlike the right

5   to travel domestically, does not implicate fundamental rights under a substantive due

6   process analysis. *See Duncan v. Goedeke & Cleasey*, 837 F. Supp. 846, 850 (S.D. Tex.

7   1993) (collecting cases).

8   Therefore, Defendants' Motion is granted with respect to any due process claims

9   based on liberty interests in work, travel, or education. Those claims are dismissed with

10   prejudice.

11   **D.   Fourth Amendment**

12   The Complaint alleges that the searches all took place pursuant to search

13   warrants. However, the Complaint also alleges that Defendants "executed unreasonable

14   or illegal searches and seizures based on a lack of probable cause to support the

15   subject Search Warrants and seizures of property pursuant to the referenced searches,

16   above." (ECF No. 1 at 4.)

17   This sole allegation is simply a legal conclusion and is not sufficient to support a §

18   1983 claim based on a violation of the Fourth Amendment. Therefore, Defendants'

19   Motion is granted with respect to Plaintiffs' Fourth Amendment claim, and the claim is

20   dismissed without prejudice.

21   **E.   Statute of Limitations**

22   Defendants argue that Plaintiffs' claims are barred by the statute of limitations.

23   However, because parallel litigation is occurring in state court, and because it is unclear

24   whether criminal charges are forthcoming (both of which may affect the analysis of the

25   statute of limitations defense), the Court declines to consider that argument at this time.

26   **F.   Leave to Amend**

27   If the court grants a motion to dismiss, it must then decide whether to grant leave

28   to amend. The court should "freely give" leave to amend when there is no "undue delay,

7

1    bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies

2    by amendments previously allowed, undue prejudice to the opposing party by virtue of

3    . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v.*

4    *Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is

5    clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto*

6    *v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The policy of favoring

7    amendments under Rule 15(a) "is applied even more liberally to pro se litigants" than to

8    parties represented by counsel. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987).

9         The Court cannot find that amendment would be futile with respect to Plaintiffs'

10    claim for violation of the Fourth Amendment. The Court therefore grants Plaintiffs leave

11    to amend their Complaint to correct the deficiencies of their allegations as to the Fourth

12    Amendment claim, if they are able to do so.

13    **V.   CONCLUSION**

14         Accordingly, it is hereby ordered that Defendants' Motion to Dismiss (ECF No. 6)

15    is granted in part and denied in part. The Motion is denied with respect to Plaintiffs'

16    procedural due process claim based on the Fourteenth Amendment. The Motion is

17    granted with respect to all other claims. Dismissal of the claim for violation of the Second

18    Amendment and the claim for substantive due process violation are with prejudice.

19    Dismissal of the claim for Fourth Amendment violation is without prejudice and with

20    leave to amend.

21         It is further ordered that Plaintiffs are granted leave to amend their Complaint, if

22    they so choose. The amended complaint must be filed thirty (30) days of the entry of this

23    Order. Failure to file an amended complaint within this deadline will result in dismissal of

24    the Fourth Amendment claim with prejudice.

25         DATED THIS 22nd day of March 2017.

26

27    _____

28    MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE