UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARA V. MARUTYAN; ARTHUR MARUTYAN; and DIANA MARUTYAN, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DOES 1 through 10; and ROE ENTITIES 1 through 10,<br><br>Defendants. | Case No. 2:16-cv-01089-MMD-GWF<br><br>ORDER |

## I.    SUMMARY

Before the Court are three motions: (1) Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Motion to Dismiss Plaintiffs' Section 1983 Claims for Violations of Substantive Due Process, the Second Amendment, and the Fourth Amendment Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (ECF No. 44); (2) Defendant LVMPD's Motion to Dismiss, or in the Alternative, to Stay Proceedings During the Pendency of Plaintiffs' State Court Case ("Motion to Stay") (ECF No. 45); and (3) Plaintiffs Ara V. Marutyan, Arthur Marutyan, and Diana Marutyan's Motion for Evidentiary Hearing (ECF No. 50). For the reasons discussed below, the Court grants Defendant's Motion to Dismiss and denies Defendant's Motion to Stay as well as Plaintiffs' Motion for Evidentiary Hearing.

## II.    BACKGROUND

Plaintiffs allege that LVMPD violated their Fourth Amendment and procedural due process rights when police officers seized personal property during searches of their home and Diana Marutyan's dorm room.

1    Plaintiffs allege that LVMPD officers executed search warrants at their home on

2    several occasions starting on February 13, 2014, and ending on March 27, 2014. (ECF

3    No. 43 at 2.) During these searches, the officers seized more than 100 items including

4    firearms, cell phones, computers, passports, social security cards, birth certificates, and

5    other documents.[1] (*Id.*) LVMPD executed a search warrant for the dorm room of Plaintiff

6    Diana Marutyan and seized a cell phone on April 3, 2014. (*Id.* at 3.)

7        Plaintiffs allege that they were never charged with a crime and that LVMPD never

8    commenced any civil forfeiture proceedings for the seized property. (*Id.* at 6.) Plaintiffs

9    further allege that they have contacted LVMPD many times in an attempt to recover their

10   property but have been unsuccessful. (*Id.* at 5.)

11       Plaintiffs filed a lawsuit in Clark County District Court ("State Suit") on April 15,

12   2015. (ECF No. 31 at 2.) The State Suit sought return of the property, compensatory

13   damages, and attorney's fees. (*Id.*) The court dismissed the case as a result of Plaintiffs'

14   continued failure to name an indispensable party, and that issue is currently on appeal

15   before the Nevada Supreme Court. (ECF No. 45 at 2.)

16       Plaintiffs initiated this action more than a year after filing the State Suit. (ECF No.

17   31 at 2.) This Court previously dismissed several of Plaintiffs' claims. (*Id.* at 8.) Plaintiffs'

18   claims for violation of the Second Amendment and substantive due process rights were

19   dismissed with prejudice. (*Id.*) Plaintiffs' claim for violation of the Fourth Amendment was

20   dismissed without prejudice and with leave to amend. (*Id.*)

21   **III.    LEGAL STANDARD**

22       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

23   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must

24   provide "a short and plain statement of the claim showing that the pleader is entitled to

25   relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

26   While Rule 8 does not require detailed factual allegations, it demands more than "labels

27       [1]Plaintiffs' passports and social security cards were returned after seven months.
28   (ECF No. 43 at 5.)

2

and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations—but not legal conclusions—in the complaint. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). Nevertheless, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

**IV.    DEFENDANT'S MOTION TO STAY (ECF No. 45)**

Defendant argues that this Court should abstain from hearing this case based on the *Pullman*[2] abstention doctrine and the State Suit appeal pending before the Nevada Supreme Court. (ECF No. 45 at 4.) "*Pullman* abstention 'is an extraordinary and narrow

---

[2]*R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

1  exception to the duty of a district court to adjudicate a controversy.'" *Courthouse News*

2  *Serv. v. Planet*, 750 F.3d 776, 783 (9th Cir. 2014) (quoting *Wolfson v. Brammer*, 616

3  F.3d 1045, 1066 (9th Cir. 2010)). Three requirements must be satisfied for this Court to

4  exercise discretion to abstain under *Pullman*:

5       (1) the case touches on a sensitive area of social policy upon which the
        federal courts ought not enter unless no alternative to its adjudication is
6       open, (2) constitutional adjudication plainly can be avoided if a definite
        ruling on the state issue would terminate the controversy, and (3) the
7       proper resolution of the possible determinative issue of state law is
        uncertain.
8

9  *Courthouse News Serv.*, 750 F.3d at 783–84 (quoting *Porter v. Jones*, 319 F.3d 483,

10  492 (9th Cir. 2003)).

11       Defendant's argument related to the first requirement—that the case touch on a

12  sensitive area of social policy—is non-sequitur. Instead of identifying a sensitive area of

13  social policy to which this case relates, Defendant argues that proceeding with this

14  action will "create piecemeal litigation and affect the due process rights of Ms.

15  Mrktchayan [sic]." (ECF No. 45 at 5.) Defendant does not describe how these issues

16  relate to sensitive areas of social policy "such as land use planning, landlord-tenant

17  relationships, foreclosure policy, and death penalty procedures." *McCoy v. Holguin*, No.

18  1:15-cv-00768-DAD-MJS (PC), 2017 WL 5495787, at *2 (E.D. Cal. Aug. 21, 2017),

19  *report and recommendation adopted*, No. 1:15-cv-00768-DAD-MJS, 2017 WL 5483979

20  (E.D. Cal. Nov. 15, 2017).

21       Defendant further argues that the second requirement is satisfied because the

22  Nevada Supreme Court's decision in the State Suit could terminate the parties'

23  controversy. (ECF No. 45 at 3.) However, the appeal relates to the state court's

24  dismissal of the action for failure to join an indispensable party. (*See id.* at 2.) The issue

25  before this Court—whether Defendant violated Plaintiffs' constitutional rights—is entirely

26  different. Accordingly, the Court finds Defendant's argument that the Nevada Supreme

27  Court's decision could terminate the controversy to be unpersuasive.

28  ///

4

1     Defendant further argues that the third requirement is satisfied because a

2     question of state law is on appeal. (*Id.* at 5.) However, Defendant has not explained how

3     the Nevada Supreme Court's resolution of this state law question would obviate the

4     need to decide the constitutional questions presented here.

5     Accordingly, the Court finds that it cannot exercise discretion to abstain from

6     hearing this case because the *Pullman* requirements are not satisfied.

7     **V.     DEFENDANT'S MOTION TO DISMISS (ECF No. 44)**

8     **A.     Dismissed Claims**

9     Defendant contends that Plaintiffs' First Amended Complaint ("FAC") contains

10    claims for violation of the Second Amendment and substantive due process rights and

11    argues for their dismissal based on the Court's prior order. (ECF No. 44 at 4.) It is not

12    entirely clear that Plaintiffs' FAC contains such claims—the words "Second Amendment"

13    and "substantive due process" do not appear in the FAC. (*See* ECF No. 43 at 1-8.)

14    Nevertheless, to the extent that the Complaint contains such claims, they are dismissed

15    based on the Court's prior order dismissing these claims with prejudice. (ECF No. 31 at

16    8.)

17    **B.     Fourth Amendment**

18    Defendant next argues that Plaintiffs' claim for violation of the Fourth Amendment

19    should be dismissed with prejudice because the FAC contains only two new allegations.

20    (ECF No. 44 at 6.) The first: LVMPD executed search and seizure warrants on several

21    dates in early 2014 based on sealed affidavits, seizing personal property including nearly

22    $100,000 in cash. (*Id.*) The second: Plaintiffs' wire communications were intercepted and

23    monitored. (*Id.*)

24    This Court previously dismissed Plaintiffs' Fourth Amendment claim because

25    Plaintiffs did not allege facts to show the absence of probable cause. (ECF No. 31 at 7.)

26    Plaintiffs' additional allegations still do not show the absence of probable cause.

27    Plaintiffs' FAC does not include allegations describing the number and kind of

28    electronics, firearms, and documents seized, the legitimate purpose of possessing those

1   electronics and firearms, or why they kept nearly $100,000 in cash in their home.

2   Accordingly, Plaintiffs' FAC remains deficient with respect to their Fourth Amendment

3   claim.

4   **VI.     PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING (ECF No. 50)**

5           Plaintiffs' Motion for Evidentiary Hearing will be denied because Plaintiffs do not

6   explain why an evidentiary hearing should be held. The motion simply states that

7   Plaintiffs move the Court to schedule an evidentiary hearing and cites to various filings.

8   (*See* ECF No. 50 at 1-2.)

9   **VII.    LEAVE TO AMEND**

10          The Court grants leave to amend with respect to Plaintiffs' Fourth Amendment

11  claim because it is not inconceivable that Plaintiffs could amend their FAC to cure the

12  deficiencies that have resulted in dismissal of their claim. *See Krainski v. Nev. ex rel. Bd.*

13  *of Regents of Nev. Sys. of Higher Educ.,* 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal

14  without leave to amend is improper unless it is clear . . . that the complaint could not be

15  saved by any amendment.").

16  **VIII.   CONCLUSION**

17          The Court notes that the parties made several arguments and cited to several

18  cases not discussed above. The Court has reviewed these arguments and cases and

19  determines that they do not warrant discussion as they do not affect the outcome of the

20  motions before the Court.

21          Accordingly, it is hereby ordered that Defendant's Motion to Dismiss (ECF No. 44)

22  is granted.

23          It is further ordered that Defendant's Motion to Stay (ECF No. 45) is denied.

24          It is further ordered that Plaintiffs' Motion for Evidentiary Hearing (ECF No. 50) is

25  denied.

26          It is further ordered that Plaintiffs are granted leave to amend their Complaint to

27  cure the deficiencies of the Fourth Amendment claim, if they so choose. The amended

28  complaint must be filed thirty (30) days after the entry of this Order. Failure to file an

amended complaint within this deadline will result in dismissal of the Fourth Amendment claim with prejudice.

DATED THIS 13th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE