1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                       * * *

6   ARA V. MARUTYAN, *et al.*,                    Case No. 2:16-cv-01089-MMD-EJY

7                              Plaintiffs,                    ORDER

8         v.

9   LAS VEGAS METROPOLITAN POLICE
    DEPARTMENT,

10                             Defendant.

11

12  **I.     SUMMARY**

13         *Pro se* Plaintiffs filed a first amended complaint under 42 U.S.C. § 1983 against

14  Defendant, the Las Vegas Metropolitan Police Department ("LVMPD"). (ECF No. 43

15  ("FAC").)[1] This action arises from Defendant's seizure of property in Plaintiffs'

16  possession pursuant to search warrants. Plaintiffs allege that Defendant violated the

17  Fourteenth Amendment's Due Process Clause as the post-deprivation Nevada state

18  remedy of seeking the return of Plaintiffs' property—filing a lawsuit in state court—is

19  constitutionally inadequate. (ECF No. 31 at 4-6.)

20         Before the Court are the parties' competing summary judgment motions. (ECF

21  Nos. 78, 82.)[2] As further discussed below, Nevada law provides an adequate remedy for

22  the return of unlawfully seized property and Plaintiffs have failed to offer evidence that

23  they were denied procedural due process. The Court therefore will grant Defendant's

24  motion and deny Plaintiff's motion.

25  _____

26         [1]The FAC is the operative complaint and Plaintiffs' Fourteenth Amendment
    procedural due process claim is the sole remaining claim in this action. (ECF Nos. 66 at
27  3; 69.)

28         [2]The Court has additionally reviewed the parties' corresponding responses and
    replies. (ECF Nos. 80, 81, 83, 84.)

1    **II.    BACKGROUND**

2           The following facts are taken from Plaintiffs' original complaint and the FAC.[3]

3    (ECF Nos. 1, 43.) Plaintiffs Ara, Arthur, and Diana Marutyan (collectively, "Plaintiffs")

4    reside at a single-family residence in Las Vegas, Nevada. (ECF No. 43 at 1.) On

5    February 6, 2014, Ara gave a LVMPD detective a laptop, charger, and business travel

6    bag. (*Id.* at 2.) The detective thereafter sought and received approval of a search

7    warrant. (*Id.*)

8           From February to March 2014, LVMPD police officers effectuated search warrants

9    of Plaintiffs' residence on four different occasions. (*Id.*) LVMPD seized more than 100

10   items from Plaintiffs' residence including the following: $15,000.00 and $74,662.00 in

11   United States currency, firearms, cell phones, and a brief case containing passports,

12   social security cards, and other legal papers.[4] (*Id.* at 2-3.) Pursuant to a search warrant,

13   LVMPD additionally searched Diana's dorm room in Galesburg, Illinois on April 3, 2014

14   and seized a cell phone. (*Id.* at 3.)

15          Plaintiffs made numerous calls to LVMPD from June to August 2014 in an effort to

16   have the seized property returned. (*Id.* at 5.) Arthur wrote letters to government officials

17   seeking help. (*Id.*) Plaintiffs made visits to the Clark County Commissioner's office to ask

18   for help with the return of Plaintiffs' documents. (*Id.*) In September 2014, LVMPD

19   returned Plaintiffs' passports and social security card but refused to return anything else.

20   (*Id.*) Plaintiffs also visited and wrote to the Clark County District Attorney's office. (*Id.* at

21   6-7.) The office responded that it was "not involved in the matter." (*Id.* at 7.) Plaintiffs

22   eventually filed on April 10, 2015 a lawsuit in the Eighth Judicial District Court ("State

23   Action").[5] (ECF No. 1 at 5.)

24   _____

25           [3]The Ninth Circuit Court of Appeals has instructed that this action may proceed on the Fourteenth Amendment procedural due process claim pled in the original complaint and the operative FAC. (ECF No. 66 at 3.)

26
27           [4]Plaintiffs filed an affidavit of inventory, ownership, and value, that includes return receipts and provides a more detail list of seized items. (ECF No. 75.)

28           [5]*See Marutyan v. Las Vegas Metro. Police Dep't*, Case No. A-15-716800 (Nev. Dist. Ct. filed Apr. 10, 2015). Plaintiffs reference the State Action in their original

More than a year after filing the State Action, Plaintiffs initiated this federal action. (ECF No. 1.) Plaintiffs were never charged with a crime, and LVMPD never commenced any civil forfeiture proceedings for the seized property. (*Id.* at 3-4.) Plaintiffs allege in gist that the only post-deprivation process to obtain the return of seized items requires filing a state court lawsuit. (*Id.* at 5; *see also* ECF No. 31 at 4-5.) This process appears to be inadequate due to attorneys delaying the case and "the [state court] judge's preferential treatment towards the defendants [*sic*]." (ECF No. 1 at 5.)

### III.   LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

---

complaint, and Defendant attached a copy of Plaintiffs' State Action complaint to Defendant's prior motion to dismiss. (*See* ECF Nos. 1 at 5; 6-1).

1    The moving party bears the burden of showing that there are no genuine issues
2    of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).
3    Once the moving party satisfies Rule 56's requirements, the burden shifts to the party
4    resisting the motion to "set forth specific facts showing that there is a genuine issue for
5    trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the
6    pleadings but must produce specific evidence, through affidavits or admissible discovery
7    material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404,
8    1409 (9th Cir. 1991), and "must do more than simply show that there is some
9    metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th
10   Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
11   (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position
12   will be insufficient[.]" *Anderson*, 477 U.S. at 252.

13   **IV.   DISCUSSION**

14       The parties filed cross motions for summary judgment. (ECF Nos. 78, 82.) But
15   because the Court finds that Defendant's argument—that the Nevada state-law post-
16   deprivation remedy is adequate—is dispositive, the Court will address only this
17   argument.[6]

18       Defendant argues that NRS § 179.085, the state law governing the return of
19   unlawfully seized property, is adequate as a post-deprivation remedy. (ECF No. 78 at 8-
20   10 (citing NRS § 179.085).) Citing to *Hudson v. Palmer*, 468 U.S. 517, 533 (1983) and
21   *Parratt v. Taylor*, 451 US. 527, 541-44 (1982), Defendant further argues that, so long as
22   the State of Nevada provides a post-deprivation remedy, then this is "all the process that
23   is due." (*Id.* at 8.) Plaintiffs' opposition fails to respond to Defendant's argument. (*See*
24   ECF No. 80.) As the party resisting Defendant's motion, it is Plaintiffs' burden to show
25   there is a genuine dispute regarding the post-deprivation remedy provided under NRS §

26

27   _____
28       [6]Defendant makes two additional arguments in their summary judgment motion
     (*see* ECF No. 78 at 5-8). which the Court declines to address as further discussion of
     these arguments is unnecessary and unwarranted.

1   179.085. Plaintiffs, however, have failed to do so. In any event, the Court agrees with

2   Defendant.

3       The Due Process Clause of the Fourteenth Amendment prohibits states from

4   depriving "any person of life, liberty, or property without due process of law." U.S. Const.

5   amend. XIV, §1. The Supreme Court has further held, "property [] cannot be deprived

6   except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v.*

7   *Loudermill*, 470 U.S. 532, 541 (1985). Nevada Revised Statutes § 179.085 is the state

8   law governing the return of unlawfully seized property. *See* NRS § 179.085(1) (1967) ("A

9   person aggrieved by an unlawful search and seizure may move the court having

10  jurisdiction where the property was seized for the return of the property."), *amended by*

11  Laws 2015, c. 113, § 1, eff. Oct. 1, 2015.[7] *See also Sams v. Bader*, Case No. 3:17-cv-

12  00255-RCJ-VPC, 2018 WL 1932880, *3 (D. Nev. Apr. 24, 2018) ("Nevada law provides

13  an adequate remedy, in NRS [§] 179.085, for the return of unlawfully seized or retained

14  property both in pending criminal proceedings and via separate civil actions."). Plaintiffs

15  resorted to filing the State Action on April 10, 2015 to seek the return of the seized

16  property.

17      Here, Plaintiffs claim that filing the State Action was an inadequate remedy in

18  violation of procedural due process under the Fourteenth Amendment. Nothing in the

19  record supports this claim nor the allegations that the state court judge offered

20  Defendant preferential treatment and Plaintiffs were prejudiced by the delays in the State

21  Action. Moreover, Plaintiffs did not respond to Defendant's argument that NRS §

22  179.085 is an adequate post-deprivation remedy. Accordingly, the Court finds Plaintiffs

23  have failed to meet their burden to survive summary judgment. In light of Defendant's

24  argument that Nevada law provides an adequate remedy as well as Plaintiffs' lack of

25  evidence or arguments to the contrary to create a dispute at this stage, the Court will

26  grant summary judgment in favor of Defendant.

27

28      [7]The Court quotes the prior language of NRS § 179.085(1) as the State Action
    was filed on April 10, 2015 and the statute was later amended on October 1, 2015.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the summary judgment motions before the Court.

It is therefore ordered that Defendant's motion for summary judgment (EFC No. 78) is granted.

It is further ordered that Plaintiffs' motion for summary judgment (ECF No. 82) is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 5th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE